DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common Pleas that found appellant guilty of violating R.C. 2921.36(A)(2) and (F)(2) for his involvement in an attempt to bring marijuana into the Toledo Correctional Institute, where he was an inmate. For the reasons that follow, this court affirms the judgment of the trial court.
 {¶ 2} Appointed counsel Stephen D. Long has submitted a request to withdraw pursuant to Anders v. California (1967),386 U.S. 738. In support of his request, counsel for appellant states that, after reviewing the record of proceedings in the trial court, he was unable to find any appealable issues. Counsel for appellant does, however, set forth the following proposed issues for review:
 {¶ 3} "1. The verdict of the jury was against the manifest weight of the evidence.
 {¶ 4} "2. The trial court erred in allowing into evidence a 13-year-old felony conviction. TR at 350.
 {¶ 5} "3. Appellant was denied a fair trial due to prosecutorial misconduct where:
 {¶ 6} "a. the prosecutor read the indictment to the jury during his opening statement. TR at 142.
 {¶ 7} "b. the prosecutor put forward his personal opinion throughout his closing arguments. TR 385-399; 407-412.
 {¶ 8} "c. the prosecutor frivolously objected during Appellant's closing argument. TR at 403.
 {¶ 9} "d. the prosecutor erroneously stated during his closing argument that `the Judge decides' when referring to the credibility of the testimony of Appellant's co-defendant.
 {¶ 10} "4. Appellant was denied effective assistance of counsel."
 {¶ 11} On December 20, 2002, Michelle Andrews smuggled eight balloons containing marijuana into the Toledo Correctional Institute when she went to visit appellant. Andrews and appellant were observed on a security camera as Andrews attempted to pass the balloons to appellant in a bag of popcorn while they sat in the visiting room. Corrections personnel intervened, confiscated the marijuana, and detained Andrews. Thereafter, appellant was indicted on one count of illegally conveying a drug of abuse into the detention facility in violation of R.C. 2921.36(A)(2) and (F)(2). The matter came to trial before a jury on May 28, 2003, and after the jury returned a verdict of guilty, the trial court sentenced appellant to four years imprisonment. It is from that judgment that appellant appeals.
 {¶ 12} Anders, supra, and State v. Duncan (1978),57 Ohio App.2d 93, set forth the procedure to be followed by appointed counsel who desires to withdraw for want of a meritorious, appealable issue. In Anders, the United States Supreme Court held that if counsel, after a conscientious examination of the case, determines it to be wholly frivolous he should so advise the court and request permission to withdraw. Id. at 744. This request, however, must be accompanied by a brief identifying anything in the record that could arguably support the appeal. Id. Counsel must also furnish his client with a copy of the brief and request to withdraw and allow the client sufficient time to raise any matters that he chooses. Id. Once these requirements have been satisfied, the appellate court must then conduct a full examination of the proceedings held below to determine if the appeal is indeed frivolous. If the appellate court determines that the appeal is frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements or may proceed to a decision on the merits if state law so requires. Id.
 {¶ 13} In the case before us, appointed counsel for appellant has satisfied the requirements set forth in Anders, supra. This court notes further that appellant has not filed a pro se brief or otherwise responded to counsel's request to withdraw. Accordingly, this court shall proceed with an examination of the potential assignment of errors set forth by counsel for appellant and the entire record below to determine if this appeal lacks merit and is, therefore, wholly frivolous.
 {¶ 14} Counsel lists several proposed assignments of error although he does not provide arguments in support. As the first potential assignment of error, counsel suggests that the jury's verdict was against the manifest weight of the evidence.
 {¶ 15} Weight of the evidence indicates that the greater amount of credible evidence supports one side of an issue more than the other. State v. Thompkins (1997), 78 Ohio St.3d 380,387, quoting Black's Law Dictionary (6 Ed. 1990) 1594. The Ohio Supreme Court has defined the standard applied to determine whether a criminal conviction is against the manifest weight of the evidence: "When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a `thirteenth juror' and disagrees with the factfinder's resolution of the conflicting testimony." Id. at 388, citing Tibbs v. Florida (1982),457 U.S. 21, 42.
 {¶ 16} To determine whether this is an exceptional case where the evidence weighs heavily against conviction, an appellate court must review the record, weigh the evidence and all reasonable inferences, and consider the credibility of witnesses. Id., quoting State v. Martin (1983), 20 Ohio App.3d 172, 175. Only if we conclude that the trier of fact clearly lost its way in resolving conflicts in evidence and created a manifest miscarriage of justice will we reverse the conviction and order a new trial. Id.
 {¶ 17} We have thoroughly reviewed the evidence in this case and find no indication that the trier of fact lost its way or created a manifest miscarriage of justice by finding appellant guilty of illegally conveying marijuana into a detention facility. Accordingly, the first proposed argument has no merit.
 {¶ 18} As his second proposed argument, counsel states that the trial court erred in allowing into evidence a 13-year-old felony conviction. Counsel appears to be referring to a statement by the prosecutor during a discussion at the bench in which the prosecutor mentioned appellant's 1990 conviction for trafficking in marijuana. Since this was merely brought up in a bench conference out of the hearing of the jury, appellant was not prejudiced and this argument has no merit.
 {¶ 19} Counsel next suggests that appellant was denied a fair trial due to several instances of prosecutorial misconduct. He first states that the prosecutor read the indictment to the jury during his opening statement. It appears from the record that the prosecutor paraphrased the indictment during his opening statement after explaining that the document could not be shown to them as it was just a charging instrument. He explained that he generally does that in order to give the jury an idea of what the trial is going to be about. Prior to the prosecutor's remarks, the court instructed the jury that the opening statements are not evidence and are not to be considered as evidence. Based on the foregoing, we find that paraphrasing the indictment did not amount to prosecutorial misconduct.
 {¶ 20} Counsel also suggests that the prosecutor expressed his personal opinion throughout his closing arguments. We have reviewed the state's closing arguments and find no instances where the prosecutor made comments prejudicial to appellant.
 {¶ 21} Next, counsel cites an instance where the prosecutor may have frivolously objected during defense counsel's closing argument. It appears that, when defense counsel referred to another of appellant's cases that was pending in federal court, the prosecutor objected, on the grounds that it was not in evidence. The trial court corrected the prosecutor, however, stating that the federal case was raised at an earlier point during the trial, and the prosecutor apologized. We find that the objection did not amount to prosecutorial misconduct.
 {¶ 22} Finally, counsel suggests the prosecutor erroneously stated during closing arguments that "the judge decides" when referring to the credibility of appellant's co-defendant, who testified at trial. A review of the transcript, however, shows that when the prosecutor stated that "the judge decides," he was referring to the outcome of the co-defendant's own case in light of her plea agreement in exchange for testimony at appellant's trial. Accordingly, the prosecutor's remark was not prejudicial.
 {¶ 23} Based on the foregoing, counsel's proposed assignment of error as to prosecutorial misconduct is without merit.
 {¶ 24} Lastly, counsel suggests that appellant was denied effective assistance of counsel. However, counsel does not support this claim with any references to the record.
 {¶ 25} To prevail on a claim of ineffective assistance of counsel, appellant must show that counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result. This standard requires appellant to satisfy a two-part test. First, appellant must show that counsel's representation fell below an objective standard of reasonableness. Second, appellant must show a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different when considering the totality of the evidence that was before the court. Strickland v. Washington (1984), 466 U.S. 668. This test is applied in the context of Ohio law that states that a properly licensed attorney is presumed competent. State v. Hamblin
(1988), 37 Ohio St.3d 153.
 {¶ 26} Based on our thorough review of the record in this case, we find that counsel's representation did not fall below an objective standard of reasonableness at any time and, accordingly, this argument is without merit.
 {¶ 27} Upon our own independent review of the record, we find no other grounds for a meritorious appeal. Accordingly, this appeal is found to be without merit and is wholly frivolous. Appellant's counsel's motion to withdraw is found well-taken and is hereby granted. The decision of the Lucas County Court of Common Pleas is affirmed. Pursuant to App.R. 24, costs of this appeal are assessed to appellant.
Judgment Affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, P.J., Knepper, J., Singer, J., Concur.