JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
Defendant-appellant Lawrence E. Cook appeals his conviction for aggravated robbery in violation of R.C. 2911.01(A)(1), along with an accompanying gun specification, following a bench trial. Pursuant toAnders v. California,[1] Cook's appointed appellate counsel has advised this court that, after a thorough review of the record, she can find nothing that would arguably support Cook's appeal.[2] Appellate counsel has filed an affidavit stating that she has advised Cook that she has not found any prejudicial errors, and she now asks us to review the record independently. Further, appellate counsel has filed a motion to withdraw as counsel pursuant to Anders.
After reviewing the entire record,[3] we hold that it is devoid of error and that there are no grounds to support a meritorious appeal. The judgment of the trial court is, therefore, affirmed, and appellate counsel's motion to withdraw is overruled.
Although we conclude that this appeal is frivolous under App.R. 23 and has no "reasonable cause" under R.C. 2505.35, we refrain from taxing costs and expenses against Cook because he is indigent.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Painter and Sundermann, JJ.
[1] (1967), 386 U.S. 738, 87 S.Ct. 1396.
[2] We note that in Smith v. Robbins (2000), 528 U.S. 259, 264,120 S.Ct. 746, the United States Supreme Court held that the Anders
procedure is only one method that states may use to satisfy the constitutional requirements for indigent criminal appeals; as of this writing, the Anders procedure is still followed in Ohio. See, e.g., Statev. Leggett, 6th Dist. No. L-03-1170, 2004-Ohio-4843, at ¶ 12.
[3] See Anders, supra; Freels v. Hills (C.A.6, 1988), 843 F.2d 958.