DECISION AND JUDGMENT ENTRY
{¶ 1} This appeal is from the May 8, 2000 judgment of the Sandusky County Court of Common Pleas, which sentenced appellant, Steve A. Avery, to four years of imprisonment on each of three counts of sexual battery, to be served consecutively. Upon consideration of the assignments of error, we affirm the decision of the lower court. Appellant asserts the following assignments of error on appeal:
 {¶ 2} "I. The Trial Court erred when it sentenced the appellant to consecutive sentences."
 {¶ 3} "II. The Trial Court erred when it sentenced the appellant to more than the statutory minimum sentence."
 {¶ 4} At the sentencing hearing, the court found that community control would "demean the seriousness of the offense and not adequately protect the public." The court further found that "[i]t is the judgment of the Court that the Defendant be sentenced to a term of four years on each count. The Court further finds that, in order to protect the public from this Defendant and others like him who say `I knew it was wrong, but I couldn't stop himself,' that these sentences should be consecutively. Maybe that will give a person like the Defendant, and others, a reason to stop. Not only that you know it's wrong, but you won't do it. So the sentence is four years on each count, three counts, to be served consecutively."
 {¶ 5} The sentencing judgment states as follows:
 {¶ 6} "For reasons stated in the Record, the Court finds that Defendant is not amenable to Community Control and he is therefore sentenced to the control, care and custody of the Ohio Department of Rehabilitation and Correction" for a term of four years on each of the three counts, to be serve consecutively.
 {¶ 7} In his first assignment of error, appellant argues that the trial court erred because it did not comply with R.C.2929.14(E) and make specific required findings to support the imposition of consecutive sentences. In his second assignment of error, appellant argues that the trial court did not comply with R.C. 2929.14(B) and make the required findings justifying imposition of more than the minimum sentence. We agree. Ironically, however, having failed to follow the statute, the court's decision was lawful.
 {¶ 8} In State v. Foster, ___ Ohio St.3d ___,2006-Ohio-856, the Ohio Supreme Court held that R.C. 2929.14(B) and (E) violates the Sixth Amendment to the United States Constitution, pursuant to Blakely v. Washington (2004),542 U.S. 296, and Apprendi v. New Jersey (2000), 530 U.S. 466, and ordered that these statutory sections be severed from the Ohio Revised Code. With respect to cases pending on direct review, where a trial court relied on any of the unconstitutional statutes when imposing a sentence, the sentence is deemed void, must be vacated, and the matter should be remanded to the trial court for a new sentencing hearing. Foster at ¶ 103 and ¶ 104.
 {¶ 9} In this case, the trial court did not site these statutes nor make the necessary findings required by the statutes. Therefore, we find that the trial court failed to determine the sentence based upon the requirements of these statutes. Because of Foster, supra, however, the trial court's judgment is now lawful. Both of appellant's assignments of error are found not well-taken.
 {¶ 10} Having found that the trial court did not commit error prejudicial to appellant and that substantial justice has been done, the judgment of the Sandusky County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Sandusky County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J., Pietrykowski, J., Parish, J., concur.