DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant, Kevin J. Smith, appeals the sentence imposed by the Lucas County Court of Common Pleas following his entry of a guilty plea. Based upon the Ohio Supreme Court's ruling inState v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, we reverse the sentence imposed by the trial court and remand this cause for re-sentencing.
 {¶ 2} On November 4, 2004, the common pleas court sentenced appellant to five years in prison on one count of felonious assault and to four years in prison on one count of robbery. Because appellant committed these offenses while he was on post-release control for the commission of another criminal offense, specifically, escape, the trial court imposed 919 days (the time remaining in the prison term imposed for the prior offense) in prison. The court further ordered that these sentences are to be served consecutively. Appellant asserts the following assignments of error on appeal:
 {¶ 3} "In sentencing the appellant to more than the statutory maximum[1] and to consecutive sentences, the trial court relied on facts not within the jury verdict or admitted by the defendant, contrary to the United States Supreme Court's rulings in USA v. Booker [sic] and Blakely v. Washington [sic].
 {¶ 4} "The trial court, when imposing defendant-appellant's sentence, failed to state its findings and articulate its reasons for imposing consecutive sentences in accordance with the strict and technical requirements of R.C. 2929.14(E)(4)."
 {¶ 5} Due to the fact that it affects the outcome of this cause, we shall initially address appellant's second assignment of error.[2] In this assignment, appellant argues that, at his sentencing hearing, the trial court failed to strictly comply with R.C. 2929.14(E)(4) in imposing consecutive sentences.
 {¶ 6} Formerly, a trial court could not impose consecutive sentences for multiple offenses unless it found the existence of three factors set forth in R.C. 2929.14(E)(4). Pursuant to that statute, a trial court was required to find that: (1) consecutive sentences were necessary to protect the public from future crime or to punish the offender; and (2) that consecutive sentences were not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. As to the third finding, the trial court had to hold that one of the following was applicable: (1) the offender committed the multiple offenses while awaiting trial or sentencing, while under a sanction imposed or while under post-release control for a prior offense; or (2) that the harm caused by the multiple offenses was so great or unusual that no single prison term would adequately reflect the seriousness of the offender's conduct; or (3) that the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender. R.C. 2929.14(E)(4)(a) through (c); R.C. 2929.19(B)(2)(c) provided that the court must give its reasons for these findings. The court's findings and reasons had to be made on the record at the offender's sentencing hearing.State v. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165, at paragraph one of the syllabus.
 {¶ 7} In the present case, a review of the sentencing hearing, as well as the trial court's judgment entry, reveals that the court below made the requisite findings for the imposition of consecutive sentences and provided reasons for those findings. Thus, appellant's second assignment of error is found not well-taken.
 {¶ 8} However, in light of the Ohio Supreme Court's decision in Foster, appellant's first assignment of error has merit. InFoster, the Ohio Supreme Court applied Blakely v. Washington
(2004), 542 U.S. 296, and Apprendi v. New Jersey (2000),530 U.S. 466 and determined that R.C. 2929.14(B), (B)(2), (C), and (E)(4) violate the Sixth Amendment to the United States Constitution. Id. at paragraphs one and three of the syllabus. With respect to cases pending on direct review, where a trial court relies on any of these unconstitutional statutes when imposing a sentence, the sentence is deemed void, must be vacated, and the matter must be remanded to the trial court for a new sentencing hearing. Foster at ¶ 103 and ¶ 104. Because the trial court relied on these particular unconstitutional statutes in sentencing appellant, appellant's first assignment of error is found well-taken.
 {¶ 9} The judgment of the Lucas County Court of Common Pleas is therefore reversed. This matter is remanded to the trial court for a new sentencing hearing in accordance with Foster, supra. The state is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
Judgment reversed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, J. Mark L. Pietrykowski, J. William J.Skow, J. Concur.
[1] The statutory maximum for a second degree felony is eight years. The total sentence imposed upon appellant is over 11 years.
[2] Ironically, if the trial court did not strictly comply with the strictures of R.C. 22929.14(E)(4), the trial court's judgment would be lawful. State v. Avery, 6th Dist. No. S-05-017,2006-Ohio-1862.