DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a sentence of the Lucas County Court of Common Pleas. Pursuant to a negotiated plea agreement, appellant entered guilty pleas to one charge of felonious assault, in violation of R.C. 2903.11(A), and one count of aggravated robbery, in violation of R.C. 2911.01(A)(3). The remaining count of attempted murder was dismissed. Appellant was sentenced to two consecutive seven year terms of incarceration. For the reasons that follow, this court affirms in part, reverses in part, and remands for resentencing.
 {¶ 2} Counsel for appellant submitted a request to withdraw pursuant to Anders v. California (1967), 386 U.S. 738. In support of his Anders request to withdraw, counsel states that after reviewing the record of proceedings in the trial court, he is unable to find any arguable issues on appeal. In conjunction with Anders, counsel for appellant sets forth the following two "arguable assignments of error."
 {¶ 3} "First arguable assignment of error
 {¶ 4} "The court improperly considered the victim's presentence statement that contained new information and therefore the sentence imposed is contrary to law.
 {¶ 5} "Second arguable assignment of error
 {¶ 6} "Appellaant's [sic] counsel was ineffective and thus deprived the appellant of his constitutional rights under the United States Constitution and the State of Ohio Constitution."
 {¶ 7} Anders, supra, and State v. Duncan (1978),57 Ohio App.2d 93, detailed the procedure to be followed by appointed counsel who wishes to withdraw upon determining there is a lack of meritorious, appealable issues. In Anders, the United States Supreme Court held that if counsel, after conscientious examination of the case believes any appeal to be wholly frivolous, he should so advise the court and request permission to withdraw. Id. at 744. This request must be accompanied by a brief identifying anything in the record that could arguably support the appeal. Id. Counsel must furnish his client with a copy of the brief and request to withdraw to allow the client sufficient time to raise any matters that he or she chooses. Id. Once these requirements have been satisfied, the appellate court then conducts a full examination of the proceedings held below to determine if the appeal is frivolous. If the appeal is frivolous, the appellate court may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements or may proceed to a decision on the merits if state law so requires. Id.
 {¶ 8} In the case before us, appointed counsel for appellant has satisfied the requirements set forth in Anders, supra. The record shows appellant has been furnished the requisite notice of the Anders filing, has been informed of his opportunity to submit a pro se brief, and has not filed an additional brief. Accordingly, this court shall proceed with an examination of the potential assignments of error set forth by counsel for appellant and examine the record from below to determine if this appeal lacks merit and is, therefore, wholly frivolous.
 {¶ 9} The undisputed facts relevant to the issues raised on appeal are as follows. On August 23, 2004, appellant was engaged in a verbal altercation with his girlfriend, Amanda Moore, at her apartment in West Toledo. During the argument, appellant secured a knife, slashed Moore's throat damaging her carotid artery and windpipe, prevented her from seeking emergency medical help or leaving the premises, and fled the scene in Moore's motor vehicle.
 {¶ 10} On August 27, 2004, appellant was indicted. On September 13, 2004, appellant was arraigned on one count of attempted murder, one count of felonious assault, and one count of aggravated robbery. Counsel was appointed for appellant. On February 16, 2005, pursuant to a negotiated plea agreement, appellant entered guilty pleas to one count of felonious assault and one count of aggravated robbery. The count of attempted murder was dismissed. Appellant possessed a lengthy criminal record, including felonies and crimes of violence. Appellant was on community control from New York state at the time of this incident. Appellant prevented the victim from immediately seeking medical attention in disregard of her condition. Appellant stole the victim's vehicle and fled the scene. Given these circumstances, appellant was sentenced to two consecutive seven year terms of incarceration. A timely notice of appeal was filed.
 {¶ 11} In the first proposed assignment of error, counsel for appellant raises an arguable issue of whether the trial court erred in considering the victim's impact statement. Specifically, this argument pertains to one portion of the victim's statement. The victim stated to the court that appellant's "look in his eyes and the actions right after will only ever make me believe that he meant to kill me." Counsel for appellant contends that this portion of the statement constituted new material facts which may have been improperly relied upon by the trial court in sentencing appellant.
 {¶ 12} The trial court is vested with both statutory and discretionary authority to hear and consider victim impact statements. R.C. 2930.14 explicitly states, "the court shall permit the victim of the crime or specified delinquent act to make a statement." This is expressly permitted to be done prior to sentencing. The only limitations on this are in the event the statement contains "new material facts."
 {¶ 13} In addition to statutory authority to allow the victim statement, it is within the discretion of the trial court. Reviewing courts may not disturb evidentiary decisions absent a showing of an abuse of discretion creating material prejudice.State v. Conway, 109 Ohio St.3d 412, 2006-Ohio-2815, at ¶ 62. This court has consistently adhered to this principle. Trial court decisions to exclude or admit evidence are not reversed on appeal absent an abuse of discretion. Any such abuse of discretion must be more than an error in judgment. It must reflect "perversity of will, passion, prejudice, partiality, or moral delinquency." This court may not substitute its judgment for that of the trial court. Harajli Mgt. Invest. Inc. v. AMInvest. Strategies, Inc., 6th Dist. No. L-05-1153,2006-Ohio-3052, at ¶ 37.
 {¶ 14} We have carefully reviewed the record. The record shows that appellant slashed the victim's throat, lacerating her carotid artery and windpipe. The victim suffered serious physical harm and was considered fortunate to have survived. The record shows appellant prevented the victim from seeking immediate medical attention. The record shows appellant left the victim, fled the scene, and stole her vehicle.
 {¶ 15} We find the disputed portion of the victim's impact statement does not constitute "new material facts." Appellant's actions in slashing her throat, damaging her carotid artery, preventing her from getting medical attention, and abandoning her at the premises while stealing her vehicle, all encompasses existing uncontroverted evidence that, "he meant to kill me." The trial court's acts in allowing the victim to make the disputed portion of the statement and in considering it were not an abuse of discretion. This proposed assignment of error is without merit.
 {¶ 16} The second arguable assignment of error is whether appellant was denied effective representation by counsel. As is well established by prevailing case law, to establish a valid claim of ineffective assistance of counsel, it must be shown that counsel so significantly undermined the appropriate functioning of the adversarial trial process that the trial cannot be adequately relied upon as having produced a just result. Statev. Leggett, 6th Dist. No. L-03-1170, 2004-Ohio-4843, at ¶ 25.
 {¶ 17} The burden of proof on an ineffective assistance of counsel claim is twofold. First it must be shown that the legal representation fell beneath an objective threshold of reasonableness. Second, it must be established by a reasonable degree of probability that, but for counsel's ineffective actions, the results of the proceedings would have been different. This is an extremely high threshold to meet.
 {¶ 18} Based upon our review of the record, we find appellant's legal representation never fell below an objective standard of competency and reasonableness and there is no evidence the outcome would have been different but for perceived errors of counsel. This argument is without merit.
 {¶ 19} Upon our review of the record, we find the trial court made findings at sentencing pursuant to R.C. 2929.14 (B) and (C). In the recent Ohio Supreme Court decision of Foster, the court applied Blakely v. Washington (2004), 542 U.S. 296, andApprendi v. New Jersey (2000), 530 U.S. 466 and determined these sentencing statutes, amongst others, to be unconstitutional in violation of the Sixth Amendment of the United States Constitution. State v. Smith, 6th Dist. No. L-05-1071,2006-Ohio-2492, at ¶ 8. The sentence must be vacated and the matter remanded to the trial court for resentencing.
 {¶ 20} We find the appeal of the trial court's judgment of conviction without merit. Appellant's counsel's motion to withdraw is well-taken and granted. Generally, pursuant toAnders, we would appoint new appellate counsel for the purpose of arguing sentencing under Foster. Under the circumstances of this case, we may take immediate action. State v. Embry, 6th Dist. No. L-03-1114, 2006-Ohio-729. However, Foster requires that the sentence be vacated and the matter remanded to the trial court for a new sentencing hearing in accordance with Foster,
supra. The decision of the Lucas County Court of Common Pleas is affirmed in part and reversed in part.
 {¶ 21} Appellant and appellee are ordered, pursuant to App.R. 24, to pay the costs of this appeal in equal shares. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
Judgment Affirmed in part and Reversed in part.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Pietrykowski, J. Singer, P.J. Parish, J. concur.