DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common Pleas which found appellant guilty of two counts of gross sexual imposition in violation of R.C. 2907.05(A)(4). For the reasons set forth below, this court affirms in part, reverses in part, and remands for resentencing in accordance with the recent Supreme Court of Ohio decision issued in State v.Foster (2006), 109 Ohio St.3d 1, 2006-Ohio-856.
 {¶ 2} Appellant, Thomas Walker, sets forth the following four assignment of error:
 {¶ 3} "Assignment of Error Number One:
 {¶ 4} "The verdict was unsupported by and against the manifest weight of and insufficient for the evidence.
 {¶ 5} "Assignment of Error Number Two:
 {¶ 6} "Trial counsel was ineffective for failing to cross examine a witness on his statutory duty as a police officer to report allegations of child abuse.
 {¶ 7} "Assignment of Error Number Three:
 {¶ 8} "The trial court erred in refusing to permit the admission of evidence that appellant had offered to take a polygraph examination.
 {¶ 9} "Assignment of Error Number Four:
 {¶ 10} "The sentence imposed by the trial court was excessive and contrary to law."
 {¶ 11} The following undisputed facts are relevant to the issues raised on appeal. On November 11, 2003, appellant was indicted on two counts of gross sexual imposition in violation of R.C. 2907.05(A)(4), felonies of the third degree. On November 20, 2003, appellant pled not guilty.
 {¶ 12} The underlying events stem from two separate incidents with minor female victims which occurred on separate occasions. The victims were young girls who reside in appellant's neighborhood. Appellant has a swimming pool in his rear yard. Appellant often permits neighborhood children to swim in his pool. Both incidents occurred when the girls were at appellant's premises.
 {¶ 13} The first victim was in appellant's rear yard next to the swimming pool when a touching incident occurred. The second victim was inside appellant's home when a similar touching incident occurred.
 {¶ 14} Both victims testified that appellant made sexual contact with them. Both stated that appellant touched them in their private, erogenous zones. Appellant denied contact with the first victim, and claimed his contact with the second victim was limited to picking her up and kissing her on the cheek. Appellant denied touching either victim in their private areas.
 {¶ 15} Jury trial commenced on March 15, 2004. The trial court heard testimony from the victims, their parents, the investigating police detective, neighbors, appellant, and appellant's wife. On March 17, 2004, the jury found appellant guilty on both counts of gross sexual imposition. On April 5, 2004, appellant was sentenced to two years incarceration on each count, to be served concurrently with one another. On April 22, 2004, appellant filed this appeal.
 {¶ 16} In his first assignment of error, appellant claims the jury verdict was against the manifest weight of the evidence. It is well established that judgments supported by competent, credible evidence will not be reversed by a reviewing court as against the manifest weight of the evidence. Gilson v. Windowsand Doors Showcase, 6th Dist. No. F-05-017, 2006-Ohio-2921, at ¶27.
 {¶ 17} Appellate arguments rooted in weight of the evidence issues pertain to the jury's resolution of conflicting testimony.State v. Thomkins, 78 Ohio St.3d 380, 387. In assessing whether the verdict was against the manifest weight of the evidence, the appellate court must sit as the "thirteenth juror," weigh the evidence, reasonable inferences, credibility, and evidentiary conflict resolution to determine whether the jury clearly lost its way resulting in a manifest miscarriage of justice. Id.
 {¶ 18} We have carefully reviewed the evidence and testimony presented to the trial court. Both victims clearly and consistently testified that appellant touched them in their private areas. Appellant conceded some form of physical contact occurred, but denied touching either girl in their private areas. Appellant's wife testified on his behalf. Her testimony conflicted with many details furnished by other witnesses. When confronted with these inconsistencies, she unpersuasively claimed the other witnesses must be lying. In addition, the investigating detective testified that appellant and his wife furnished conflicting details of some of the events underlying this case.
 {¶ 19} The primary focus of appellant's defense consisted of unsupported allegations that the victims colluded and fabricated the events, with the older victim "manipulating" the younger victim. We find no relevant facts in the record which establish this alleged deception by the victims. The record shows the jury weighed the testimony of the victims and their parents against the testimony of appellant and his wife. The record shows the testimony was weighed in favor of the victims. We cannot say that the jury lost its way or perpetrated manifest miscarriage of justice. Appellant's first assignment of error is found not well-taken.
 {¶ 20} In his second assignment of error, appellant claims trial counsel was ineffective for failing to cross-examine a parent of one of the victims regarding the statutory duty to report abuse allegations. The father of the younger victim is a Toledo police officer. All of the parties are neighbors on the same residential street. Following the first incident, the victim's parents informally approached their neighbor, a Toledo police officer, regarding the incident. This neighbor was off duty and at his personal home when this conversation transpired. The record shows he was not acting in any official or formal capacity on behalf of the Toledo Police Department. The officer sensibly advised his neighbors not to approach the suspect and to handle the matter in an official fashion. The officer's daughter had not yet been victimized at the time of this conversation. His daughter subsequently became the second victim.
 {¶ 21} Prevailing case law dictates that in order to demonstrate a valid claim of ineffective assistance of counsel, in must be shown that counsel so significantly undermined the functioning of the adversarial trial process that the trial cannot be adequately relied upon as having produced a fair and just result. State v. Leggett, 6th Dist. No. L-03-1170,2004-Ohio-4843, at ¶ 25.
 {¶ 22} The burden of proof on an ineffective assistance of counsel claim is two-fold. First in must be shown that the legal representation fell beneath an objective threshold of reasonableness. Second, it must be shown by a reasonable degree of probability that, but for counsel's ineffective acts, the results of the trial would have been different. This is an extremely high threshold to meet.
 {¶ 23} R.C. 2151.421 establishes a mandatory duty to report child neglect or abuse upon those "acting in an official or professional capacity." Upon our review of the record, we find the father of the second victim was acting as a neighbor and private citizen when approached by the parent of the first victim regarding her allegations. The parties where all friends and neighbors. The conversation took place while the father of the second victim was at his private home. He was not acting in an official capacity on behalf of the Toledo Police Department. Appellant's counsel elected not to cross-examine him regarding statutory reporting duty.
 {¶ 24} We find appellant's legal representation did not fall below an objective standard of competency and reasonableness. There is no evidence that the outcome would have been different but for the alleged error of counsel. Appellant's second assignment of error is found not well-taken.
 {¶ 25} In his third assignment of error, appellant claims the trial court erred in refusing to admit evidence that appellant offered to take a polygraph examination. A polygraph examination was not taken. Such information would only have been admissible by stipulation of the parties. There was no such stipulation.
 {¶ 26} The trial court is vested with broad discretion to make independent determinations on the admission or exclusion of evidence. Such evidentiary determinations are not disturbed absent an abuse of discretion. State v. Baumgartner, 6th Dist. No. OT-02-029, 2004-Ohio-3908, at ¶ 43-44. In order to deem an evidentiary ruling by the trial court an abuse of discretion, the record must show that the trial court's attitude was unreasonable, arbitrary or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 27} There is nothing in the record to support the notion the trial court's refusal to admit evidence of an offer to undergo a polygraph examination was an abuse of discretion. The disputed evidentiary ruling was not an abuse of discretion. Appellant's third assignment of error is found not well-taken.
 {¶ 28} In his fourth assignment of error, appellant claims his sentencing was improper because the trial court made specific findings under R.C. 2929.12(B). Given this, the state concedes the propriety of remanding this matter for resentencing in light of the Ohio Supreme Court's recent ruling in State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856. Appellant's fourth assignment of error is found well-taken. Foster requires the sentence be vacated and the matter be remanded to the trial court for a new sentencing hearing in accordance with Foster, supra.
 {¶ 29} The decision of the Lucas County Court of Common Pleas is affirmed, in part, reversed, in part, and remanded to the trial court for resentencing. Appellant and appellee are ordered, pursuant to App.R. 24, to pay the costs of this appeal in equal shares. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED, IN PART, AND REVERSED, IN PART.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Handwork, J. Singer, P.J. Parish, J. concur.