DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common Pleas which found appellant guilty of one count of aggravated burglary in violation of R.C. 2911.11(A)(1). For the reasons set forth below, this court affirms the judgment of the trial court.
 {¶ 2} Appellant, Alvin R. Willard, sets forth the following three assignments of error:
 {¶ 3} "I. Willard was denied effective assistance of counsel.
 {¶ 4} "II. The prosecutor engaged in misconduct during closing.
 {¶ 5} "III. Willard was denied a fair trial due to the introduction of damaging hearsay testimony."
 {¶ 6} The following undisputed facts are relevant to the issues raised on appeal. On November 30, 2004, at approximately 1:30 a.m., Richard Weber was home alone watching television in his west Toledo apartment. Someone in the hallway begin pounding loudly on the front door to the apartment. Concerned about the lateness of the hour, Weber did not open the door.
 {¶ 7} A few moments later, intruders invaded Weber's apartment. They kicked the front door in with such force that the door frame splintered. Three male intruders entered Weber's apartment, demanded money and drugs, and assaulted him. They stole a Susan B. Anthony coin, rolled change, ten labeled prescription medication bottles, and then fled the apartment. Weber immediately called 911.
 {¶ 8} While Weber was talking with the 911 dispatcher, the first responding Toledo police officer arrived at the scene. The officer encountered the three assailants at the entry to Weber's apartment building. Weber looked out from his window and identified the men as his assailants to the officer.
 {¶ 9} Weber advised the responding officer that a Susan B. Anthony silver dollar, two Canadian half dollars, rolled pennies and his prescription drugs had been taken by the robbers. Appellant, one of the three suspects stopped trying to exit Weber's building immediately after the robbery, lived in a nearby apartment. Appellant executed a consent to search waiver for his apartment. Investigating officers recovered Weber's prescription drug bottles, the coins, and rolled change from plain view within appellant's apartment.
 {¶ 10} On December 7, 2004, appellant was indicted on one count of aggravated burglary in violation of R.C. 2911.11(A)(1). On December 10, 2004, trial counsel was appointed to represent appellant. On December 13, 2004, appellant entered a plea of not guilty at his arraignment. On March 28, 2005, appellant's case proceeded to jury trial. Appellant was found guilty by the jury on March 29, 2005. Appellant was sentenced to seven years incarceration. On May 20, 2005, appellant timely filed his notice of appeal.
 {¶ 11} In his first assignment of error, appellant claims he was denied the effective assistance of counsel. In support, appellant maintains his counsel failed to pose two specific questions to appellant during direct examination. First, Weber's Susan B. Anthony coin was discovered on appellant's person at the time of his arrest. Appellant claims his counsel's failure to ask why he possessed Weber's coin is indicia of ineffective assistance of counsel.
 {¶ 12} In addition, Weber furnished the police with a description of a dog with distinctive physical characteristics possessed by the perpetrators when they invaded the apartment. A dog matching Weber's description was discovered by the police in appellant's apartment. Appellant claims his counsel's failure to ask him about the dog constitutes ineffective assistance of counsel.
 {¶ 13} In order to establish an ineffective assistance of counsel claim, a two-prong evidentiary test must be satisfied. Strickland v.Washington (1984), 466 U.S. 668, 687. First, it must be shown that the performance of trial counsel was so deficient it fell beneath an objective threshold of reasonableness. Second, it must be shown by a reasonable degree of probability that, but for counsel's ineffective actions, the results of the trial would have been different. State v.Triplett, 6th Dist. No. L-04-1135, 2006-Ohio-5465, ¶ 48. The alleged missteps of counsel must be shown to have been so significant that the trial cannot be adequately relied upon as having produced a fair and just result. State v. Leggett, 6th Dist. No. L-03-1170, 2004-Ohio-4843, ¶ 25. This is an extremely high threshold to meet. In Ohio, a properly licensed attorney is presumed competent. State v. Lott (1990),51 Ohio St.3d 160, 174.
 {¶ 14} We have thoroughly reviewed the record in this matter. The record reveals overwhelming objective evidence of appellant's guilt. Appellant was stopped attempting to leave the victim's 4-unit apartment building at 1:30 a.m. immediately following the commission of the crime. Appellant did not reside in Weber's building and had no connection to Weber. Weber visually identified appellant as one of the assailants to the responding officers shortly after the crime. Weber's prescription drug bottles, labeled with his name and address, were recovered inside appellant's apartment shortly after they were stolen. Coins stolen from Weber were recovered from appellant's person and from his apartment.
 {¶ 15} Given definitive and objective evidence, we are not persuaded the outcome of the trial would have been different had appellant been asked the suggested questions on direct examination. Unknown responses to speculative, incriminating questions cannot be said to have altered the outcome of the trial. Appellant's first assignment of error is not well-taken.
 {¶ 16} In his second assignment of error, appellant claims the prosecutor gave statements during closing that constitute prosecutorial misconduct. In support, appellant relies primarily upon a remark the prosecutor made after he summarized appellant's past criminal record. The prosecutor then said, "Do you see a pattern here?" No objection was made.
 {¶ 17} The conduct of a prosecuting attorney during trial cannot be grounds for reversal unless it is shown the conduct was so egregious that it substantially prejudiced appellant and prevented a fair trial.State v. Apanovitch (1987), 33 Ohio St.3d 19, 24. In determining whether disputed remarks by a prosecutor prevented a fair trial, an appellate court must determine whether the jury would have found appellant guilty beyond a reasonable doubt regardless of the disputed remarks. State v.Maurer (1984), 15 Ohio St.3d 239, 267. If so, the remarks did not rise to the level of "prosecutorial misconduct."
 {¶ 18} As delineated in our response to appellant's first assignment of error, the record contains an abundance of objective evidence of appellant's guilt. Given the clarity and volume of evidence against appellant, we are not persuaded the outcome of the trial would have been any different absent the disputed remarks. Nevertheless, we are puzzled why a prosecutor with overwhelming objective evidence would indulge in gratuitous remarks during closing. Such a foray does risk compromising a case. With that said, appellant's second assignment of error is not well-taken.
 {¶ 19} In his third assignment of error, appellant claims he was denied a fair trial. In support, appellant cites instances of hearsay testimony from the trial transcript. Appellant fails to cite any case law or other form of legal authority in support of his third assignment of error. We have thoroughly reviewed the record with particular attention to the cited examples of disputed testimony and find none of them, separately or conjunctively, to be outcome determinative. There is nothing in the record to suggest appellant was denied a fair trial. Appellant's third assignment of error is not well-taken.
 {¶ 20} On consideration whereof, the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
Peter M. Handwork, J., Arlene Singer, P.J., George M. Glasser, J., CONCUR.
Judge George M. Glasser, retired, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.
 This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.