DECISION AND JUDGMENT ENTRY {¶ 1} This is an appeal from a judgment of the Oregon Municipal Court, Lucas County, Ohio, which found appellant guilty on one count of disorderly conduct, in violation of Oregon Municipal Code Section 509.03
and one count of underage use of alcohol, in violation of Oregon Municipal Code Section 529.02(e).
 {¶ 2} On the conviction of underage consumption, appellant was sentenced to a suspended 60 day term of incarceration, community control, and any recommended *Page 2 
alcohol treatment. On the conviction of disorderly conduct, appellant was sentenced to a 30 day term of incarceration, with five days of jail time to be served and the balance suspended. For the reasons set forth below, this court affirms the judgment of the trial court.
 {¶ 3} Appellant, Seth Granger, sets forth the following three assignments of error:
 {¶ 4} "Assignment of Error No. 1 The trial court's verdicts of guilty were against the manifest weight of the evidence.
 {¶ 5} "Assignment of Error No. 2 The trial court erred by admitting and relying upon inadmissible hearsay evidence at Mr. Granter's trial, in violation of his rights under the Confrontation Clause of the United States Constitution and the prohibition against hearsay under the Fifth,Sixth and Fourteenth Amendments to the United States Constitution.
 {¶ 6} "Assignment of Error No. 3 Mr. Granger received ineffective assistance of counsel at his trial in violation of his rights under theSixth and Fourteenth Amendments to the Constitution of the United States, when trial counsel failed to object to inadmissible hearsay testimony and testimony lacking proper foundation."
 {¶ 7} The following undisputed facts are relevant to the issues raised on appeal. This case stems from appellant's attendance at a raucous party in the suburb of Oregon which degenerated into a melee during the early morning hours of September 18, 2005. *Page 3 
 {¶ 8} Shortly after midnight on September 18, 2005, a father of three young children living in the vicinity of Pickle Road telephoned the Oregon police department to report a loud and disruptive party which was preventing his children from being able to sleep. The police arrived and the party promptly, but temporarily, quieted down. Believing that the disturbance was resolved, the police left the area.
 {¶ 9} Within minutes after the police left the scene, a group of the party goers gathered and began to fight in the middle of Pickle Road. The same concerned neighbor who initially reported the disturbance observed its recurrence and called the police a second time at 1:30 a.m. to report that the party had not peaceably dispersed. On the contrary, it had deteriorated into a fracas.
 {¶ 10} As the police were retuning to the scene, the reporting witness observed a shirtless young man engaged in a verbal confrontation with a woman.
 {¶ 11} Simultaneous to this eyewitness observation, Officer Shaw of the Oregon Police Department encountered appellant putting his shirt back on and involved in an altercation with the woman. Officer Shaw asked appellant to stop as appellant began to leave the scene. Appellant failed to comply with Officer Shaw. Officer Shaw then physically restrained appellant and secured the scene.
 {¶ 12} Based upon her observations, Officer Shaw concluded that appellant had been in a verbal confrontation with the woman, smelled of alcohol, and had been drinking. In addition, appellant was yelling, aggressive, and uncooperative towards Officer Shaw throughout her efforts to investigate the incident. *Page 4 
 {¶ 13} Sergeant Bliss of the Oregon Police Department came upon Officer Shaw and appellant as Officer Shaw was in the process of wrestling appellant to the ground. Consistent with Officer Shaw's testimony, Sergeant Bliss also observed appellant yelling, cursing, and being noncompliant. Sergeant Bliss also detected the odor of alcohol emanating from appellant. Sergeant Bliss similarly concluded that appellant had been drinking.
 {¶ 14} On September 18, 2005, appellant was arrested and charged with disorderly conduct. Pretrial negotiations were unsuccessful. Appellant was subsequently charged with underage drinking. The cases were consolidated. A bench trial was held on October 25, 2005. The trial judge found appellant guilty on both counts. Appellant filed a timely notice of appeal.
 {¶ 15} In his first assignment of error, appellant asserts the trial court verdict was against the manifest weight of the evidence. In support, appellant claims that although he had been at the party in Oregon that evening and some people had been drinking, he had not consumed alcohol or fought at the party. We note for clarity that appellant was charged with disorderly conduct as a result of a confrontation with a woman while the party was being disbursed, and not for fighting at the party itself.
 {¶ 16} It is well established that judgments supported by competent, credible evidence will not be reversed by the reviewing court as against the manifest weight of the evidence. State v. Walker, 6th Dist. No. L-04-1112, 2006-Ohio-4637, ¶ 16. Appellant is essentially challenging the trial court's resolution of conflicting testimony. This is the *Page 5 
crux of weight of the evidence assertions. State v. Thomkins,78 Ohio St.3d 380, 387. In assessing whether the verdict was against the manifest weight of the evidence, the appellate court must sit as the "thirteenth juror," weigh the evidence, reasonable inferences, credibility, and determine whether the jury clearly lost its way so as to result in a manifest miscarriage of justice. Id.
 {¶ 17} We have carefully reviewed the record, with particular attention to witness testimony as that constitutes the bulk of the evidence presented. Both responding officers consistently testified that appellant was verbally and physically aggressive in dealing with the officers, smelled of alcohol, had been drinking, and had been engaged in a verbal altercation with a woman as the party was being disbursed.
 {¶ 18} The trial court heard detailed testimony from the neighbor who witnessed the events. The eyewitness testified that, "I heard really loud music coming from down the street." He requested that the police dispatch several units to the scene as there was a, "huge party * * * there must be 100 to 200 people there." This witness also observed the events involving appellant as the police arrived. He testified that he "noticed one kid running down the street * * * he was yelling at this lady at that time, proceeding to take his shirt off * * * I know he was yelling at her and had his hands going." Another eyewitness testified that he "could hear his voice from my sidewalk which is across the side yard." This witness then observed the officers apprehending appellant.
 {¶ 19} Appellant's testimony while under cross-examination also confirms his confrontation with the woman prior to being arrested. Appellant testified, "I never had *Page 6 
my shirt off. Maybe over my head to wipe my face off because I kind of got a little upset and I was kind of sweating. I mean there was a confrontation."
 {¶ 20} R.C. 2917.11 (A)(1) establishes that the following conduct constitutes disorderly conduct, "No person shall recklessly cause inconvenience, annoyance, or alarm to another by doing any of the following: Engaging in fighting, in threatening harm to persons or property, or in violent or turbulent behavior."
 {¶ 21} The record shows that late at night several neighbors who lived in the vicinity of a loud party taking place in a residential neighborhood were inconvenienced and annoyed by turbulent behavior from appellant which they witnessed during his altercation with the woman. Appellant was yelling and flailing towards the woman. The record contains competent, credible evidence in support of finding appellant guilty of disorderly conduct.
 {¶ 22} The record also shows collaborating testimony from both officers at the scene concluding that appellant, an underage person, had consumed alcohol. The record contains competent, credible evidence in support of finding appellant guilty of underage consumption of alcohol. We cannot say that the trial court lost its way or perpetrated a manifest miscarriage of justice. Appellant's first assignment of error is found not well-taken.
 {¶ 23} In his second assignment of error, appellant maintains the trial court abused its discretion and committed error in allowing the police to testify that appellant had *Page 7 
threatened the woman because the police themselves had not directly overheard appellant's verbal exchange with the woman.
 {¶ 24} The admissibility of evidence lies within the sound discretion of the trial court. O'Brien v. Angley (1980), 63 Ohio St.2d 159, 163. An appellate court will not reverse the trial court's decision on such matters absent an abuse of discretion. Id. An abuse of discretion connotes more than a mere error in law or judgment, it implies the trial court's attitude was unreasonable, arbitrary, or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 25} In applying the above standard of review to the disputed decision of the trial court, we note that the record establishes that the independent eyewitness neighbor who reported the party itself overheard appellant's verbal altercation with the woman. More importantly, appellant himself does not deny ordering the woman to shut up while calling her foul names. Consistent with the above, the record shows appellant was charged with disorderly conduct for engaging in a "verbal argument with a minor and his mother." There is nothing in the record that persuades us that the trial court's decision on the admissibly of the officer's testimony on this matter was unreasonable, arbitrary, or unconscionable. Appellant's own admissions are consistent with his guilt. Appellant's second assignment of error is not well-taken.
 {¶ 26} In his third assignment of error, appellant claims that trial counsel was ineffective in failing to object to the disputed evidence analyzed above in appellant's second assignment of error. *Page 8 
 {¶ 27} To establish an ineffective assistance of counsel claim, appellant must show that counsel's performance fell below an objective standard of reasonable representation and, in addition, prejudice arose from counsel's performance. Strickland v. Washington (1984),466 U.S. 668. In addition, appellant must prove a reasonable probability that, but for counsel's perceived errors, the results of the trial would have been different. State v. Bradley (1989), 42 Ohio St.3d 136, paragraph three of the syllabus.
 {¶ 28} As applied to the instant case, the record contains supporting testimony of several independent eyewitness, two police officers, and factual concessions from appellant while on cross-examination. Each of these pieces of evidence is competent, credible evidence in support of the disorderly conduct conviction. We are not persuaded that appellant could not have been found guilty but for the disputed testimony of Officer Shaw. Appellant's third assignment of error is found not well-taken.
 {¶ 29} The judgment of the Oregon Municipal Court is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
 JUDGMENT AFFIRMED. *Page 9 
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Arlene Singer, J. JUDGE
William J. Skow, J. JUDGE
Thomas J. Osowik, J. JUDGE
 CONCUR. *Page 1