DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common Pleas, which found appellant guilty of one count of complicity to aggravated murder, in violation of R.C. 2903.02 (B) and one count of complicity to aggravated robbery, in violation of R.C. 2911.01 (A)(1). For the reasons set forth below, this court affirms the *Page 2 
convictions of the trial court and remands for resentencing in conformity with State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856.
 {¶ 2} Appellant, Jason N. Simons, sets forth the following three assignments of error:
 {¶ 3} "ASSIGNMENT OF ERROR NUMBER ONE: THE VERDICTS WERE UNSUPPORTED BY SUFFICIENT EVIDENCE AND AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 {¶ 4} "ASSIGNMENT OF ERROR NUMBER TWO: THE SENTENCE IMPOSED BY THE TRIAL COURT WAS EXCESSIVE AND CONTRARY TO LAW WHEN THE SENTENCE EXCEEDED THE MINIMUM TERM OF IMPRISONMENT ON THE BASIS OF FINDINGS MADE BY THE TRIAL JUDGE PURSUANT TO A FACIALLY UNCONSTITUTIONAL STATUTORY SENTENCING SCHEME.
 {¶ 5} "ASSIGNMENTS OF ERROR NUMBER THREE: THE TRIAL COURT AIRED WHEN IT FAILED TO GRANT APPELLANT'S REPEATED REQUESTS FOR NEW AND EFFECTIVE COUNSEL."
 {¶ 6} The following undisputed facts are relevant to the issues raised on appeal. On June 7, 2004, a West Toledo man was walking his two dogs in the vicinity of the Jackman Road elementary school. On June 7, 2004, appellant and a group of his acquaintances were gathered at a trailer park behind a nightclub on Alexis Road. They often gathered at one particular trailer where they would engage in partying. They *Page 3 
consumed copious quantities of illicit drugs and alcohol. After partying at the trailer, appellant and one of his cohorts decided to go in search of people to target and rob.
 {¶ 7} After aborting several robbery attempts against unknown victims, appellant and his accomplice happened across the path of Randy Johnson out walking his dog near Jackman Elementary School. They selected Johnson as their next robbery target.
 {¶ 8} Appellant confronted Johnson and robbed him. Johnson turned over his portable compact disc player to appellant. The two men engaged in a heated verbal exchange. Ultimately, appellant shot both Johnson and his dog with a .25 caliber handgun. Appellant and his accomplice in the crime spree returned to the party trailer after the fatal assault on Johnson.
 {¶ 9} A neighbor in one of the adjacent trailers at the trailer park had observed appellant in possession of a weapon during the same timeframe that Johnson was killed. Appellant's accomplice confessed to Toledo police detectives that he had taken appellant to a business on Sylvania Avenue in West Toledo to purchase the gun. While incarcerated in Michigan on another criminal matter, appellant disclosed to a fellow inmate that he had shot a man and a dog next to a school.
 {¶ 10} On October 7, 2007, appellant was charged with one count of aggravated murder, in violation of R.C. 2903.01(B) and one count of aggravated robbery, in violation of R.C. 2911.01(A)(1). On November 10, 2004, counsel was appointed to represent appellant. On November 22, 2004, appellant entered a plea of not guilty. On May 16, 2005, appellant executed a waiver of speedy trial. Trial was set for August 15, 2005. *Page 4 
 {¶ 11} In the interim, voluminous pretrial discovery motions were filed on appellant's behalf throughout the summer in 2005. On September 21, 2005, appellant filed a notice of alibi. The notice of alibi was later withdrawn on October 3, 2005.
 {¶ 12} The case went to trial on October 4, 2005. On October 7, 2005, the jury found appellant guilty on one alternative charge of complicity to aggravated robbery, in violation of R.C.2911.01(A)(1) and one alternative count of complicity to aggravated murder, in violation of R.C. 2903.02(B).
 {¶ 13} On October 27, 2005, appellant was sentenced to life in prison with the possibility of parole after 20 years on the complicity to aggravated murder conviction and a consecutive term of five years incarceration on the complicity to aggravated robbery conviction. On December 7, 2005, appellant filed a timely notice of appeal.
 {¶ 14} In his first assignment of error, appellant contends that the guilty verdicts against him were not supported by sufficient evidence and were against the manifest weight of the evidence. In support, appellant proffers a unilateral and self-serving contention that his accomplice was the sole perpetrator of the crimes. Appellant argues, "It is clear that Zasda cut a deal to save himself a life sentence when he was in fact the person who committed the aggravated robbery and aggravated murder."
 {¶ 15} It is well established that judgments supported by competent, credible evidence will not be reversed by the reviewing court as against the manifest weight of the evidence. State v. Walker, 6th Dist. No. L-04-1112, 2006-Ohio-4637, paragraph 16. In determining whether a verdict is against the manifest weight of the evidence, the *Page 5 
appellate court "weighs the evidence and all reasonable inferences, and considers the credibility of witnesses." State v. Thompkins, 78, Ohio St. 3d 380, 387. In essence, the appellate court must sit as the "thirteenth juror," weigh the evidence, reasonable inferences, credibility, and determined whether the jury clearly lost its way so as to result in a manifest miscarriage of justice. Id.
 {¶ 16} In conjunction with the above manifest weight analysis, we must also review the record to consider whether it contained sufficient evidence in support of appellant's convictions. The issue of whether there is sufficient evidence in support of a conviction constitutes a question of law of whether the evidence is legally adequate to support the jury verdict given the elements of the crime. Thompkins, at 386. In making this determination, the appellate court must determine whether, after viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v.Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus.
 {¶ 17} We have carefully reviewed the record of evidence. The record shows that an eyewitness testified that he observed appellant rob Johnson of his CD player and shoot him. While this testimony came from appellant's accomplice, it is bolstered by separate testimonial support. An independent eyewitness testified that she observed appellant in possession of a weapon during the same timeframe in which Johnson was killed. The individual whom appellant hoped to offer as an alibi witness came forward to testify that appellant had solicited him to fabricate an alibi for appellant. The appellant's notice of *Page 6 
alibi was withdrawn the day before trial commenced. Another witness testified that while incarcerated with appellant at a Michigan correctional facility, appellant revealed to him that he had shot a dog and a man next to a school.
 {¶ 18} The record shows that the jury heard testimony from various witnesses in support of appellant's convictions. We find there is competent, credible evidence to enable a rational trier of fact to find that the elements of the crimes were established. There is no persuasive evidence that the jury verdicts were a manifest miscarriage of justice. Appellant's first assignment of error is found not well-taken.
 {¶ 19} In his second assignment of error, appellant asserts that his sentence was contrary to the Supreme Court of Ohio ruling issued inFoster, supra. While appellant goes to great lengths to persuade us to usurp the discretion of the trial court in ordering a specific resentence, the precise terms of resentencing must remain within the purview of the trial court.
 {¶ 20} We note that appellee concedes that this case must be remanded for resentencing pursuant to Foster. We concur that Foster requires resentencing of appellant. We find appellant's second assignment of error well-taken.
 {¶ 21} In his third assignment of error, appellant asserts the trial court erred in denying his oral motion for new counsel during the trial. In addition, appellant asserts that his trial counsel was ineffective.
 {¶ 22} The record shows that appellant requested new counsel during the pretrial phase of his case. On June 20, 2005, appellant withdrew this request. Appellant next *Page 7 
made an oral request for new counsel on the second day of his jury trial. Appellant made unsupported allegations that his attorney had withheld documentation. This generalized allegation prompted trial counsel for appellant to state on the record that he had shared all discovery documentation and information with his client. There is no evidence in the record that suggests otherwise.
 {¶ 23} Contrary to appellant's unsupported allegations, the record reveals the trial counsel for appellant zealously advocated for his client, filed a wealth of pretrial motions, and went to great lengths to zealously serve his client's interests.
 {¶ 24} Supreme Court of Ohio precedent establishes that when a criminal defendant questions the adequacy of his counsel during the course of trial, the trial judge may properly proceed with the trial upon determining that the complaints against assigned counsel are unsubstantiated or unreasonable. State v. Deal (1969), 17 Ohio St.2d 17. This is precisely the course of action taken by the trial court in this case. Appellant was in no way prejudiced by the trial court's denial of his request for new counsel midway through his jury trial based on wholly uncollaborated and generic assertions.
 {¶ 25} To prevail on a claim of ineffective assistance of counsel, appellant must show that counsel's conduct so undermined the proper functioning of the adversarial process that the trial court cannot be relied upon as having produced a just result. The standard requires appellant to satisfy a two prong test. First, appellant must show that counsel's representation fell below an objective standard of reasonableness. Second, *Page 8 
appellant must show a reasonable probability that, but for counsel's perceived errors, the results of the proceeding would have been different. Strickland v. Washington (1984), 466 U.S. 668.
 {¶ 26} This is a high threshold of proof to satisfy, given Ohio's presumption that a properly licensed attorney is presumed competent.State v. Hamblin (1988), 37 Ohio St.3d 153. In support of his ineffective assistance of counsel claim, appellant relies primarily on the handling of a disclosure by a potential juror during voir dire that he believed appellant to be guilty.
 {¶ 27} In response to this revelation, the self-described partial juror was taken into chambers, questioned, and dismissed from the jury pool. Appellant argues that the fact that it was the trial judge himself who initiated the removal of this juror, rather than his counsel, constitutes evidence of ineffective assistance of counsel.
 {¶ 28} On the contrary, the record makes clear that voir dire functioned effectively. A biased juror was revealed and removed. Appellant was in no way prejudiced. Appellant has not demonstrated that had his attorney initiated the removal of the juror, rather than the judge himself, the outcome of this case would have been different. Appellant's third assignment of error is found not well-taken.
 {¶ 29} On consideration whereof, the judgment of the Lucas County Court of Common Pleas is affirmed in part, and reversed in part. The case is remanded for resentencing in conjunction with theFoster ruling. *Page 9 
 {¶ 30} Appellant and appellee are each ordered to pay one-half of the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED IN PART, AND REVERSED IN PART.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Arlene Singer, J. JUDGE, William J. Skow, J. JUDGE, Thomas J. Osowik, J. JUDGE, CONCUR. *Page 1